IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| MARCUS BRANKER | : | NO. 10-427-8 |

MEMORANDUM

Bartle, C.J.                                                October 14, 2010

      Before the court is the motion of defendant Marcus Branker to sever charges and defendant under Rule 14 of the Federal Rules of Criminal Procedure.

      On September 8, 2010, a federal grand jury returned an eighteen-count superseding indictment against eight co-defendants, including Branker. A number of the counts relate to a conspiracy to steal over 500 grams of heroin from a known drug dealer and then distribute them for profit. Three of the defendants involved in this alleged scheme were Philadelphia police officers who used their position to facilitate the theft.

      Branker is charged in three of the eighteen counts along with four of the co-defendants involved in the conspiracy to steal heroin. These three counts relate to Branker's participation in a conspiracy to rob an individual believed to be a member of the "mafia." Specifically, in Counts Sixteen and Seventeen, Branker and his four co-defendants are charged with conspiracy to commit robbery, as well as the crime of attempted robbery, in violation of 18 U.S.C. § 1951(a), (b)(1), (b)(3), and

2. Count Eighteen charges Branker and those same four co-defendants with the knowing use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2.

Defendants may be joined in a single indictment "if they are alleged to have participated in the same act or transaction or the same series of acts and transactions." Fed. R. Crim. P. 8(b). Generally, there is a preference that defendants who have been indicted together should be tried jointly for reasons of efficiency and the avoidance of inconsistent verdicts. See Zafiro v. U.S., 506 U.S. 534, 537 (1993).

Rule 14 of the Federal Rules of Criminal Procedure permits severance where one defendant would experience "clear and substantial" prejudice from the introduction of evidence against a co-defendant. Branker bears the burden of establishing prejudice. U.S. v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991). Our Court of Appeals has explained that, "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant" or because some evidence is "more damaging to one defendant than others." Id.

Branker's sole argument of prejudice is that "the allegations of conspiracy are overly broad as to his alleged involvement such that the evidence against co-defendants will have a spill-over prejudicial effect." He offers no explanation as to what aspects of the conspiracy charges are overly broad or

how he will be prejudiced.  Such conclusory arguments are insufficient to establish prejudice.  Accordingly, we will deny the motion of Branker to sever.